IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-516-RGA |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendant. | : |

Shantell D. Newman, New Castle, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 9, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on April 22, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff states that her "freedom was stole" when documents were "faked" in order to "write Bonds" and "collect interest." (D.I. 2 at 4). She alleges the "charges were made up." (*Id.*). Plaintiff also wants "freedom out of bondage." (*Id.* at 5). She alleges her rights were stolen and given to others, she was never given any information about her birth certificate or social security number and "this strawman-Corp wasn't [her] will." (*Id.*). Plaintiff wants the nation to "operate in love and peace." (*Id.*).

Plaintiff seeks 100 billion dollars and reparations from slavery. (*Id.* at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept

all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  See id. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

## DISCUSSION

The United States is Defendant   Defendant is immune from suit.  It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.  Id. (citing United States v. King, 395 U.S. 1, 4 (1969)).  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983).  Accordingly, the Complaint will be dismissed.

**CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Amendment is futile.

An appropriate Order will be entered.